UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AL YERMAL,

        Plaintiff,

v.                                      Case No. 5:08-cv-529-Oc-GRJ

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.
_____/

## **ORDER**

Pending before the Court is Plaintiff's Petition For An Award Of Attorney's Fees & Expenses Under The Equal Access To Justice Act 28 USC 2412. (Doc. 17.) The Commissioner has filed a response in opposition (Doc. 18) and, thus, this matter is ripe for review.

## **I. BACKGROUND AND FACTS**

Pursuant to the EAJA, Plaintiff requests an award of attorney's fees in the amount of $5,273.00 and expenses in the amount of $371.28. The total for attorney services and expenses are confirmed by the affidavit of counsel included in the motion.

Plaintiff asserts that he is the prevailing party in this litigation, and that the Commissioner's position in the underlying action was not substantially justified. Plaintiff also attests that his net worth at the time the proceeding was filed was less than two million dollars.[1] On August 7, 2009, on the motion of the Commissioner, the Court

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a
(continued...)

entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42.U.S.C. §405(g). (Doc. 15.) On August 10, 2009, the Clerk entered judgment. (Doc. 16.) Plaintiff timely filed the petition for attorney's fees.[2] The Commissioner challenges the number of hours requested by Plaintiff's counsel and Plaintiff's request for expenses.

## II. DISCUSSION

The Commissioner argues that the number of hours requested by counsel are excessive. With regard to the reasonableness of the amount of attorney time claimed, the fee applicant bears the burden of establishing the appropriate hours to be compensated.[3] In doing so, the fee applicant "must exercise what the Supreme Court has termed 'billing judgment'".[4] Thus, the fee must exclude excessive, redundant, or otherwise unnecessary hours - hours that would be unreasonable to bill a client.[5] "[T]he measure of reasonable hours is determined by the profession's judgment of the time

---

[1](...continued)
net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

[2] Plaintiff must file an application for fees and other expenses within thirty (30) days of the "final judgment" in the action, which is defined as a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). According to the Federal Rules of Appellate Procedure, the Commissioner has sixty (60) days in which to appeal, see Fed. R. App. P. 4(a)(1)(B), after which a judgment becomes final and the plaintiff has thirty (30) days in which to file his application. Here, the judgment remanding was entered on August 10, 2009, and Plaintiff served his petition for EAJA fees on November 5, 2009. Thus, Plaintiff's application for fees was timely filed.

[3] Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988.) .

[4] ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1983)).

[5] Id.

2

that may be conscionably billed and not the least time in which it might theoretically have been done."[6]

Among the challenges advanced by the Commissioner, the Commissioner contends that Plaintiff is seeking to recover an excessive number of attorney's hours for the preparation of the brief. According to the Commissioner the time requested for preparing the brief should be reduced by 6.75 hours. While Plaintiff's attorney billed 21.75 hours related to the preparation of the brief – those hours included time spent reviewing the record, researching, writing, and editing the initial brief. The administrative record is more than 400 pages long, with medical records from hospitals, three treating physicians and at least two consultative physicians. While the number of hours spent in the preparation of the brief may be on the high end, the Court declines to reduce the number of hours requested because the Court cannot say that the requested hours are excessive, redundant, or otherwise unnecessary.

Next, the Commissioner takes issue with the 1.80 hours Plaintiff's counsel spent reviewing certain filings in 2009: 0.50 hours reviewing a two page Order for remand (Doc. 15); 0.25 hours reviewing the Judgment (Doc. 16); 0.20 hours reviewing a Notice of Special Appearance (Doc. 3); 0.10 hours reviewing a Notice of Availability of a Magistrate Judge (Doc. 4); 0.15 hours reviewing an Order of Reference to a magistrate judge (Doc. 6); and 0.60 hours reviewing Defendant's Answer (Doc. 5.) The Commissioner contends that one hour is a sufficient amount of time to review the filings.

---

[6] Norman, 836 F.2d at 1306.

The Court agrees. Accordingly, the requested hours for 2009 will be reduced by 0.80 hours.

The Commissioner also argues that Plaintiff's attorney is seeking to bill at a professional rate for clerical services – i.e., 0.20 hours for preparing a notice of designation; and 0.75 hours for sending the Complaint and Summons to the United States Attorney and the Attorney General. Indeed, "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment."[7] Because preparing a notice of designation and sending the Complaint and Summons are clerical tasks, they are not compensable as attorney's fees under the EAJA.[8] Accordingly, the requested hours for 2008 will be reduced by 0.95 hours.

Finally, Plaintiff seeks recovery of $371.28 in expenses including $21.28 for the service of summons and filing the complaint via certified mail, and $350.00 for the district court filing fee. The Commissioner does not oppose the amount of the specific items, but requests that the Court determine whether the award is for costs and/or expenses. Only the items specifically listed in 28 U.S.C. §1920 are compensable as costs. An award of costs is paid "by the Secretary of the Treasury after certification by the Attorney General."[9] Fees of the clerk, including filing fees, are taxable as costs.

---

[7] Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1306 (11th Cir. 1988.)

[8] Mobley v. Apfel, 104 F.Supp. 2d. 1357, 1360 (M.D.Fla. 2000).

[9] 28 U.S.C. §2414, as referenced in 28 U.S.C. §2412(c)(1).

However, postage fees are not recoverable. Accordingly, Plaintiff is entitled to recover $21.28 in expenses and $350.00 in costs.

### III. CONCLUSION

Therefore, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), the Court concludes that Plaintiff's Petition for Attorney Fees (Doc. 15) is **GRANTED**. Defendant is directed to remit payment to counsel for Plaintiff attorney's fees in the amount of **$4,975.79**,[10] expenses in the amount of **$21.28**, and costs in the amount of **$350.00,** which costs shall be payable from the judgment fund administered by the United States Department of Treasury.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on November 23, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:

All Counsel

---

[10] Calculation for 2008: 19.05 attorney hours claimed for 2008 minus 0.95 hours denied equals 1.50 attorney hours to be awarded for 2008; 1.5 hours multiplied by the agreed 2008 rate of $168.77 per hour equals $253.15. Calculation for 2009: 28.4 attorney hours claimed for 2008 minus 0.80 hours denied equals 27.6 attorney hours for 2009; and 27.6 hours multiplied by the agreed 2009 rate of $171.11 per hour equals $4,722.64.